IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VIBRANT LICENSING LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>HMD AMERICA, INC.,<br><br>        Defendant. | CIVIL ACTION<br><br>NO. 3:22-cv-209<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vibrant Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 7548 Preston Rd, Ste 141 PMB 1002, Frisco, TX 75034.

2. On information and belief, Defendant HMD America, Inc. is a corporation organized and existing under the laws of Florida and having a regular place of business in Texas.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.      This Court has specific personal jurisdiction over Defendant, consistent with due process. Defendant has minimum contacts with the State of Texas, and has purposefully availed itself of the privileges of conducting business in this State. Defendant is registered to do business in Texas and, on information in belief, maintains a place of business in this State, and in this judicial district, as indicated on its website and job postings. https://www.linkedin.com/jobs/view/channel-marketing-lead-at-hmd-global-2838665616/; https://www.hmdglobal.com/. Further, on information and belief, Defendant has sold infringing products in this State and in this judicial district. Moreover, on information and belief, Defendant has also purposefully and voluntarily placed its products, including infringing products, into the stream of commerce with the expectation that they will be purchased and used by customers located in this State. On information and belief, Defendants' customers in this State have purchased and used and continue to purchase and use Defendants' products, including infringing products.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that, on information and belief, Defendant has a regular place of business in this judicial district and has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 8,243,045**

6.      Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,243,045, entitled "Touch-Sensitive Display Device and Method" ("the '045 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7.      A true and correct copy of the '045 patent is attached hereto as Exhibit A. The '045 patent is incorporated herein by reference.

8.      The application that became the '045 patent was filed on March 10, 2009.

9. The '045 patent issued on August 14, 2012, after a full and fair examination by the USPTO.

10. The '045 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '045 patent were not well-understood, routine, or conventional when the application that became the '045 patent was filed.

12. The claims of the '045 patent, including claim 1, are directed to technical solutions to technical problems involving touch-sensitive displays.

## COUNT I – INFRINGEMENT OF THE '045 PATENT

13. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

14. Defendant has been and is now making, using, selling, offering for sale, and/or importing products and/or services that incorporate one or more of the inventions claimed in the '045 patent.

15. For example, Defendant infringes at least claim 1 of the '045 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Nokia 9 PureView, as detailed in the preliminary claim chart attached hereto as Exhibit B and incorporated herein by reference.

16. Defendant's infringing activities are and have been without authority or license under the '045 patent.

17. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '045 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '045 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

C. Pre-judgment and post-judgment interest on the damages assessed, and

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 28th day of January, 2022.

/s/ *Papool Chaudhari*
Papool Chaudhari
Texas Bar No. 24076978
PRA Law
2800 Bartons Bluff Lane #1902
Austin, TX 78746
(214) 702-1150
papool@pralawllc.com

Cortney S. Alexander
(pro hac vice application to be submitted)
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff